UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Unite Here Health, et al.,<br><br>    Plaintiffs<br><br>v.<br><br>Craig Gilbert, et al.,<br><br>    Defendants | 2:13-cv-00937-JAD-GWF<br><br>**Order Denying Motion for Attorney's Fees**<br><br>[ECF No. 62] |

    Plaintiffs are Culinary Union-related employee-benefit trusts that brought this ERISA breach-of-fiduciary-duty action against the principals of Nuthin' Fancy, LLC[1] the bankrupt operator of the short-lived Lynyrd Skynyrd BBQ and Beer restaurant inside the Excalibur Hotel & Casino.  The Trusts sought to recover more than half a million dollars in unpaid benefits allegedly due under the terms of the collective bargaining agreement between the union and the hotel.  On September 30, 2015, I denied the Trusts' motion for partial summary judgment on liability and granted the Principals' motion for summary judgment.  Relying on the Ninth Circuit's recent decision in *Bos v. Board of Trustees*,[2] I declined to adopt an exception to the general rule announced by the Ninth Circuit in *Cline v. Industrial Maintenance Engineering and Contracting Company*[3] that unpaid benefits are not plan assets.[4]  The Principals now seek attorney's fees in excess of $130,000.[5] Having considered the five *Hummel* factors that govern fee awards in ERISA cases, I exercise my

---

[1] Craig Gilbert, Michael Frey, Mathilda Murdock, Benjamin Lutz, Drive This Entertainment! LLC, Drive This! LLC, Eleventeen Enterprises LLC, and Trifecta Partners, LLC ("the Principals").

[2] *Bos v. Board of Trustees*, 795 F.3d 1006 (9th Cir. 2015).

[3] *Cline v. Indust. Maint. Engr. & Contracting Co.*, 200 F.3d 1223 (9th Cir. 2000).

[4] ECF No. 60.

[5] ECF No. 62.

discretion to decline an award and deny the motion.[6]

**Discussion**

**A.     Attorney's fees under 29 U.S.C. § 1132(g)(1)**

The American Rule recognizes that each party in litigation must bear its own attorney's fees in the absence of a rule, statute, or contract authorizing an award of fees.[7] ERISA is a fee-shifting statute; it allows a court to award "a reasonable attorney's fee and costs of the action"[8] to a party that has achieved some degree of success on the merits of the claim.[9] Once a court makes the threshold determination that the moving party has achieved some success on the merits, it must consider the five factors outlined by the Ninth Circuit in *Hummel v. S.E. Rykoff & Co.* to determine whether an award of fees is warranted:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.[10]

The Ninth Circuit has recognized that, although § 1332(g)(1) allows defendant-employers to recover attorney's fees, these factors very frequently counsel against awarding attorney's fees against ERISA plaintiffs.[11]

**B.     The *Hummel* factors weigh against an award of fees.**

Because the Principals have achieved some degree of success on the merits by virtue of my order granting their motion for summary judgment, I consider whether the *Hummel* factors warrant an award of fees.

---

[6] I find this motion suitable for disposition without oral argument. L.R. 78-2.

[7] *MRO Commc'n Inc. v. Tel. & Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999).

[8] 29 U.S.C. § 1332(g)(1).

[9] *Hardt v. Reliance Standard Ins. Co.*, 560 U.S. 242, 244–45 (2010).

[10] *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980).

[11] *Carpenters S. Cal. Admin. Corp. v. Russel*, 726 F.2d 1410, 1416 (9th Cir. 1983).

### *1. The degree of the Trusts' culpability or bad faith, relative merits of the parties' positions, and deterrent effect of a fee award*

I do not find that the Trusts acted in bad faith in bringing or maintaining this action. A plaintiff acts in good faith if he has a reasonable belief that he could prove an actionable ERISA claim.[12] The Trusts' claim was not patently frivolous, and there is no evidence in the record that the Trusts brought this suit to harass the Principals.

The relative strength of the parties' positions weighs slightly in favor of awarding fees. Though the Principals' arguments ultimately prevailed, the Trusts made a good-faith argument to adopt an exception to the *Cline* rule that had been recognized in other circuits. And while the Principals' summary-judgment motion was pending, a Ninth Circuit panel in *Bos v. Board of Trustees* refused to adopt an exception to the *Cline* rule in the bankruptcy context, which bolstered my conclusion that the Ninth Circuit would likely decline to apply the exception to the *Cline* rule urged by the Trusts. When the Trusts brought this action, they did not have the benefit of the *Bos* decision.

Finally, because I find that the Trusts did not act in bad faith and raised reasonably meritorious arguments to support their claim, an award of fees would likely have small, if any, deterrent effect. Accordingly, the first and third factors weigh strongly against awarding fees, and the fifth factor weighs slightly in favor of awarding fees.

### *2. The ability of the Trusts to satisfy an award of fees and whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA*

The Principals argue that, as "two of the largest union trust funds in the state, controlling hundreds of millions of dollars in assets," the Trusts can easily afford the requested fees.[13] The Trusts respond that they are non-profit employee-benefit trusts that exist for the exclusive purpose of providing pension and health benefits to their beneficiaries and that any recoveries for unpaid contributions for work performed at the now-defunct Lynyrd Skynyrd restaurant can only be used for

---

[12] *Cline*, 200 F.3d at 1236.

[13] ECF No. 62 at 5.

the benefit of the Trusts' beneficiaries, not legal fees.[14] The Trusts' ability to satisfy the requested award of fees cannot be determined from the record before me because the exhibits the Principals cite do not adequately address the current financial status of the Trusts.[15] This leaves the fourth *Hummel* factor: whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or sought to resolve a significant legal question about ERISA, which does not apply in this case.[16] The second and fourth factors are therefore neutral and do not factor into my analysis. In total and on balance, I find that the *Hummel* factors counsel against awarding attorney's fees, so I deny the Principals' motion.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that **defendants' motion for attorney's fees [ECF No. 62] is DENIED.**

Dated this 22nd day of July, 2016.

_____
Jennifer A. Dorsey
United States District Judge

---

[14] ECF No. 64 at 13–14.

[15] The Principals cite to a one-page payment accounting summary sheet, but the most recent balance shown is from April 2015, six months before their motion for fees was filed. Principals also generally cite to a 60-page document from Nuthin' Fancy, LLC's bankruptcy proceeding. The Principals do not explain how they derive the figures they throw out in their motion from these documents, and I decline to comb through them to find out.

[16] *Tingey v. Pixley-Richards W., Inc.*, 958 F.2d 908, 910 (9th Cir. 1992) (stating that the fourth *Hummel* factor is generally considered only when a prevailing plaintiff seeks an award of fees).